UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KAREN RANDALL

VERSUS

HOLMES EUROPEAN MOTORS, LLC &
HOLMES AUTO GROUP, INC.

CIVIL ACTION NO. 16-0404

JUDGE ELIZABETH ERNY FOOTE

MAGISTRATE JUDGE HORNSBY

## ORDER

Before the Court is Defendants' Partial Motion to Dismiss. Record Document 10. Plaintiff Karen Randall filed this action against her former employer, alleging gender discrimination in violation of Title VII of the Civil Rights Act and age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"). Record Document 3. Defendants Holmes European Motors, LLC and Holmes Auto Group, Inc. moved to dismiss the Title VII claims under Federal Rule of Civil Procedure 12(b)(6) for failure to exhaust administrative remedies. For the reasons discussed below, the Partial Motion to Dismiss [Record Document 10] is **GRANTED.**

### I. Background

Plaintiff was employed by defendants as a car saleswoman from July 1, 2008 to October 1, 2014. Record Document 3, pp. 2-4. Plaintiff alleges that beginning in 2014, when new management took over, a culture of "male camaraderie became the central theme," creating a hostile work environment for Plaintiff, the only woman salesperson. Id., p. 3. Plaintiff further alleges that unwanted sexual advances were made on her by

two different managers, and that after she confidentially reported the incidents, she was fired. Id., pp. 3-4. Finally, Plaintiff claims that defendants have since "hired younger attractive females as salespersons, suggesting that age was also a factor in her termination." Id., p. 5.

Plaintiff filed discrimination charges with the Equal Employment Opportunity Commission ("EEOC") on July 7, 2015, but has not received a Notice of Right to Sue from that agency. Id., p. 5. Defendants moved to dismiss all of Plaintiff's Title VII claims because she has not exhausted her administrative remedies. Record Document 10.

## II. Discussion

### A. Standard of Review

In order to survive a motion to dismiss brought under Rule 12(b)(6), a plaintiff must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. The court must accept as true all of the factual allegations in the complaint in determining whether plaintiff has stated a plausible claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2009). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

B. <u>Failure to Exhaust</u>

Before filing suit in federal court, a plaintiff alleging employment discrimination under Title VII must exhaust her administrative remedies. <u>Taylor v. Books A Million, Inc.</u>, 296 F.3d 376, 378-79 (5th Cir. 2002). Exhaustion requires that a plaintiff timely file charges with the EEOC and receive notice from that agency of her right to sue in federal court. <u>Id.</u> at 379; 42 U.S.C. § 2000e-5(f)(1). The exhaustion requirements are strict. See <u>Taylor</u>, 296 F.3d at 380 (dismissing a Title VII claim filed one day after the allowed 90-day period to file suit had elapsed).

Plaintiff herself admits that she has not received a notice of her right to sue from the EEOC. Record Document 3, p. 5; Record Document 13, p. 1 ("plaintiff acknowledges that no such Right to Sue letter has been received"). Despite this, Plaintiff asks the Court to stay the case pending receipt of the Right to Sue letter. Record Document 13, p. 1. She cites no case law, nor is the Court aware of any, establishing that the Court may do so. All of Plaintiff's Title VII must be dismissed. If she receives her Right to Sue letter in the future, she may amend her complaint to add Title VII claims. <u>Hunt v. Int'l Bus. Machines, Inc.</u>, 3 F.3d 436 (5th Cir. 1993) ("[I]t is well settled that a plaintiff challenging an adverse employment action is entitled to amend his complaint to add a Title VII claim based on the same action within 90 days of receipt of a notice of right to sue.").

### III. Conclusion

For the reasons discussed above, the Court **GRANTS** Defendants' Motion to

Dismiss [Record Document 10]. Plaintiff's Title VII claims are dismissed without prejudice for failure to exhaust administrative remedies. She may proceed on her ADEA claims.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 7th day of December, 2016.

_____
Elizabeth Erny Foote
United States District Judge